E. G. PUESCHAL, Defendant in Error, v. EMIL HALLER ET AL., Plaintiffs in Error.

Kansas City Court of Appeals, June 14, 1886.

1. PRACTICE—TRIAL OF CAUSES IN COUNTIES HAVING OVER 40,000 INHABITANTS—CONSTRUCTION OF SECTION 3514, REVISED STATUTES. Under section 3514, Revised Statutes (Practice Act) it is provided that, in all counties having over forty thousand inhabitants, which was the case here, actions shall be triable at the return term; and when a defendant makes default, the plaintiff shall be entitled to his assessment of damages, and final judgment at the term at which the default is made. This section makes all actions triable at the return term, and if default be made, evidence shall be heard as to the amount of plaintiff's claim (when it is not on a bond, bill, or note, etc.).

2. ——— COPY OF ITEMS OF ACCOUNT—CONSTRUCTION OF SECTION 3681, REVISED STATUTES.—The only effect section 3681, Revised Statutes, providing for serving a copy of items of account with the petition, has on section 3514, of the same statute is, that if a copy of the items of the account is served with the petition (or are set forth in the petition), and defendant makes default, the account

shall be taken as admitted, and no evidence need be had thereon. If section 3681 is not complied with, then, under the terms of section 3514, plaintiff would be under the necessity of proving his claim, notwithstanding a default.

ERROR to Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

This was a suit brought in the circuit court of Jackson county, Missouri, September 1, 1884, and was returnable to the October term, 1884.

The suit is founded upon a statement for merchandise sold to defendants Haller & Schandler, on July 17, 1884, by Jacob Ambs Distilling Company of St. Louis, and an assignment of the account by said Jacob Ambs Distilling Company to plaintiff, who, as such assignee, brings this action.

The petition in the case alleges said assignment to said plaintiff, and then proceeds upon the basis of an account stated, declaring that defendant promised and agreed to pay it. There is no itemized account annexed to or inserted in the petition. The only account of any kind is a mere statement of one gross amount of merchandise, for which one lump sum is charged. Said statement is annexed to the petition in the cause, and its substance stated in the petition. A copy of the petition was served upon only one defendant; upon the other defendant nothing was served, except a copy of the writ of summons. Aside from the service upon one defendant of a copy of the petition, there was no service of a copy of the account, such as it was, upon either defendant. Notwithstanding this, final judgment was rendered in said cause at the return term thereof; defendants not appearing until after, the rendition of such judgment; afterwards, and during the same term,

defendants appeared and filed their motion to set aside said judgment. Said motion was overruled.

The case comes to this court on a writ of error.

LATHROP & SMITH, for the plaintiffs in error.

I.   In actions upon open accounts, the case is *not triable at the return term, unless* the items of the account are set forth in or annexed to the petition, and each defendant has been personally served with a copy of such itemized account. Rev. Stat., sect. 3681 ; Laws of Mo. 1883, 125 ; *Clark v. Evans,* 64 Mo. 258. The same requirement as to setting out the items and service of a copy applies equally to actions upon open accounts and accounts stated. Rev. Stat., sect. 3681 ; Laws of Mo. 1883, 125. An account stated in an agreement by both parties that all the articles (items) are true, it is an admission or agreement, after examination, that the items are correct, which makes an account a stated one, and *without the items* there can be no account stated. *Stebbins v. Niles,* 25 Miss. 267 ; *Toland v. Sprague,* 12 Peters (U. S.) 300 ; *Bank v. Knapp,* 3 Pick. 96.

II.   The omission to insert in the petition or annex thereto, the account with the items set out, left nothing before the court upon which to hear any evidence, and all evidence should have been excluded. Rev. Stat., sect. 3547.

M. CAMPBELL, for defendant in error.

I.   The petition and exhibits state a cause of action, and defendants were properly served, and were in court.

II.   Jackson county had, in 1884, over 40,000 inhabitants, a fact of which its circuit court took judicial notice. The *return* term was then and is now the *trial* term. Rev. Stat., sect. 3514.

III.   The petition does not use the phrase, "account stated." It only says that defendants were indebted in a certain sum, and agreed to pay it. This, the court

found to be true *from the evidence*. There is here no dispute about "items."

IV.   There are two essential points of difference between this case and that of *Clark v. Evans* (64 Mo. 258). One is, that Pettis county had not (in 1874) 40,000 inhabitants within its borders, and, *therefore*, it was not triable at the return term.   Another is, the judgment in that case was not made final "after the court had heard the evidence offered by the plaintiff, but because defendants were wrongfully considered as admitting the account to be due," without being "personally served."

V.   To support an action on an account stated, plaintiff must show that there was a demand on one side which was acceded to on the other.   This was plaintiff's statement and plaintiff's proof.   Had the "items" been stated, the proof would not have been directed to the items, but to the settlement of the sum due and the promise to pay it.   *Powell v. Railroad,* 65 Mo. 658 ; 2 Greenl. Evid. 126.

ELLISON, J.—The point made by defendants is, that since there was no copy, the items composing the account, served upon them, as provided by section 3681, Revised Statutes, as amended in Laws, 1883, page 125, final judgment could not be rendered at the return term.

At the time of this trial, Jackson county had more than forty thousand inhabitants, and, therefore, fell under section 3514, of the practice act, which provides that in all such counties, actions shall be triable at the return term, and that "when a defendant makes default, the plaintiff shall be entitled to his assessment of damages and final judgment at the term at which the default is made."

This section makes all actions triable at the return term, and if the default be made, evidence shall be heard as to the amount of plaintiff's claim (when it is not on a bond bill, or note, etc.).   The only effect section 3681

has on section 3514 is, that if a copy of the items of the account is served, and the defendant makes default, the account shall be taken as admitted, and no evidence need be had thereon. If section 3681 is not complied with, then, under the terms of section 3513, plaintiff would be under the necessity of proving his claim, notwithstanding a default. In this case, default was made by defendants and plaintiff proceeded to prove his claim by evidence before taking final judgment. After hearing the evidence, the court entered final judgment for plaintiff, and in this, we think, it was right.

Judgment affirmed. All concur.